# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1851 | **DATE** | 11/12/2009 |
| **CASE TITLE** | Premium Plus Prt vs. Peter J Davis, Jr., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, we find that an award of prejudgment interest to Premium is warranted. The appropriate period for consideration is thus between March 10, 2004, when the complaint was filed in this case, and October 31, 2009. *See Kansas v. Colorado*, 533 U.S. 1, 14 (2001)(concluding that equities favored considering a period starting after complaint was filed for prejudgment interest calculation). We also conclude that considering all of the equities in this case, the period beginning with the filing of the complaint in this action would be the appropriate period. Premium is also claiming a prejudgment interest at a rate of 9% to be compounded annually. As Goldman points out, the proper interest rate is a 5.94% simple interest rate. When applied to Premium's award of $208,484.00, Premium should receive $69,893.00 for prejudgment interest. Therefore, we award Premium $69,893.00 for prejudgment interest. Furthermore, we conclude that sanctions are not warranted against Premium. All matters having been concluded, the instant action is hereby dismissed. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

This matter was set for jury trial to begin on October 19, 2009. On October 15, 2009, we struck the trial based upon the representation of the parties that there is a firm amended Rule 68 Offer of Judgment by Defendant Goldman Sachs & Co., Inc. (Goldman) and a firm Notice of Acceptance of the Amended Rule 68 Offer of Judgment pursuant to Rule 68 by Premium. In addition, the court granted Plaintiff Premium Plus Partners, L.P.'s (Premium) motion to voluntarily dismiss all claims brought against Defendant John M. Youngdahl. The only issue left for the court was to decide whether an award of prejudgment interest to Premium, if any, would be appropriate. The parties were given an opportunity to file memorandums on the prejudgment interest issue. Both Goldman and Premium have filed the memorandums.

Premium contends that the court should award it $113,938 for prejudgment interest. Goldman argues that the court should not give Premium any award for prejudgment interest and argues in the alternative that Premium's requested award is excessive. Goldman also requests as a sanction to be awarded costs and fees

**STATEMENT**

for defending against Premium's last motion for class certification.

Under the federal common law, a court can "authorize[] the award of [prejudgment] interest in appropriate cases to victims of violations of federal law." *Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)(stating that "[t]he award of prejudgment interest is particularly appropriate in a case . . . where the violation was intentional, and . . . outrageous"). An award of prejudgment interest is deemed to be "an ordinary part of any award under federal law." *In re Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978*, 954 F.2d 1279, 1331 (7th Cir. 1992). An award of prejudgment interest should be "presumptively available to victims of federal law violations," since generally absent such an award, "the plaintiff is incomplete and the defendant has an incentive to delay." *Gorenstein*, 874 F.2d at 436; *see also in re Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 849 (7th Cir. 1997)(stating that "[d]iscretion must be exercised according to law, which means that prejudgment interest should be awarded unless there is a sound reason not to do so"). The Seventh Circuit has indicated two examples when prejudgment interest may not be appropriate: (1) when there is a "'[s]ubstantial, unexplained delay in filing suit . . . because delay shifts the investment risk to the defendant, allowing the plaintiff to recover interest without bearing the corresponding risk,'" and (2) "when it is too difficult to determine which parts of an award are eligible." *In re Amoco*, *1978*, 954 F.2d at 1334 (quoting in part *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (7th Cir. 1987)).

Premium contends that it is presumptively entitled to prejudgment interest. Premium points out that Goldman has not shown that there was a substantial unexplained delay in filing suit or that it would be too difficult to determine which parts of an award are eligible for the prejudgment interest award. Goldman does not contest such points. Instead, Goldman argues that considering the equities in this case, Premium should not be awarded any prejudgment interest since it has already been more than fully compensated by accepting Goldman's Rule 68 Offer of Judgment. Goldman contends that Premium obtained the benefit of the bargain by obtaining $208,484.00, while avoiding the financial risks of losing at trial and incurring expenses at trial. However, as indicated above, a plaintiff is presumptively entitled to prejudgment interest. The mere fact that

**STATEMENT**

Premium has recovered damages does not mean that it is also not entitled to obtain prejudgment interest to obtain complete compensation in accordance with the Seventh Circuit's precedent. *See In re Amoco*, 954 F.2d at 1331 (stating that an award of prejudgment interest is deemed to be "an element of complete compensation'" since "[m]oney today is not a full substitute for the same sum that should have been paid years ago")(quoting in part *West Virginia v. United States*, 479 U.S. 305, 310 (1987)). Goldman agreed to the entry of a judgment against itself. Goldman has not shown that Premium would be made whole absent prejudgment interest and the fact that the parties settled certain matters in this action is not pertinent since the parties expressly declined to agree as to the prejudgment interest issue. Goldman contends that prejudgment interest is not necessary to remedy unjust enrichment. However, there is no such requirement for the award of prejudgment interest. As indicated above, a prejudgment interest award is generally necessary to provide a plaintiff with complete compensation and Goldman has not shown that Premium will be overly compensated with an award of prejudgment interest. *Id.* Goldman also contends that an award of prejudgment interest is not warranted because of Premium's vexatious litigation tactics. However, the court made no such findings concerning Premium and no sanctions were entered against Premium. Thus, an award of prejudgment interest to Premium is warranted.

Goldman also contends that the award sought by Premium for prejudgment interest is excessive. We agree with Goldman that Premium considered the wrong period and used an improper rate and methodology for its proposed award. Premium unreasonably waited two and a half years to file suit after sustaining its losses. The appropriate period for consideration is thus between March 10, 2004, when the complaint was filed in this case, and October 31, 2009. *See Kansas v. Colorado*, 533 U.S. 1, 14 (2001)(concluding that equities favored considering a period starting after complaint was filed for prejudgment interest calculation). We also conclude that considering all of the equities in this case, the period beginning with the filing of the complaint in this action would be the appropriate period. Premium is also claiming a prejudgment interest at a rate of 9% to be compounded annually. As Goldman points out, the proper interest rate is a 5.94% simple interest rate. When applied to Premium's award of $208,484.00, Premium should receive $69,893.00 for prejudgment interest. Therefore, we award Premium $69,893.00 for prejudgment interest.

**STATEMENT**

Goldman also seeks sanctions against Premium pursuant to 28 U.S.C. § 1927, arguing that Premium engaged in vexatious litigation tactics. Goldman contends that Premium repeatedly sought class certification despite the court's clear initial denial of class certification. However, Goldman has not shown that Premium acted vexatiously or unreasonably delayed the proceedings. Although Premium's requests to obtain some type of class certification were denied by this court, Premium's renewed and refined requests for class certification did not rise to the level of sanctionable conduct. Therefore, we conclude that sanctions are not warranted against Premium.